## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In Re:

BV Restaurant, Inc.
DBA Cheng Heng Restaurant,
Debtor.

**BKY No.:  19-30675**
**Chapter 11 Case**

---

### NOTICE OF EXPEDITED HEARING AND MOTION FOR
### APPROVAL TO USE CASH COLLATERAL AND
### FOR ADEQUATE PROTECTION

**TO:   THE DEBTOR, THE UNITED STATES TRUSTEE, AND OTHER PARTIES IN INTEREST AS SPECIFIED IN LOCAL RULE 9013.3.**

    1.     BV Restaurant, Inc. DBA Cheng Heng Restaurant (hereinafter referred to as "Debtor"), the Debtor-In-Possession in the above-referenced proceeding, moves the Court for expedited relief and gives notice of hearing.

    2.     The Court will hold an expedited hearing on the Debtor's Motion at 10:30 a.m. on Tuesday, March 12, 2019, before the Honorable Kathleen H. Sanberg, in Courtroom No. 8 West, United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, or as soon thereafter as counsel can be heard.  A final hearing on the Debtor's Motion for Use of Cash Collateral and for Adequate Protection ("Motion") is set for 10:00 a.m. on Wednesday, April 10, 2019, before the Honorable Kathleen H. Sanberg, in Courtroom No. 8 West, United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415.

    3.     Any response to the Expedited Hearing and Motion shall be filed and served not later than 2 hours prior to the March 12, 2019 hearing date.  Any response to the Wednesday, April 10, 2019, Final Hearing on the Debtor's Motion, shall be filed and served not later than Friday, April 5, 2019, which is five (5) days prior to the hearing date.  **THE COURT MAY ALSO GRANT THE DEBTOR'S MOTIONS, INCLUDING FINAL**

–1–

**APPROVAL OF ANY ADEQUATE PROTECTION AGREEMENTS WITHOUT A FURTHER HEARING UNLESS AN APPROPRIATE OBJECTION IS INTERPOSED IN ACCORDANCE WITH THE RULES.**

4.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1.  This is a core proceeding.  The case is now pending in this Court, having been filed on March 8, 2019.

5.      This Motion arises under 11 U.S.C. §§363 and 361, together with Bankruptcy Rule 4001(c) and Local Rule 4001-2.  The Debtor seeks an expedited Hearing on its Motion to use cash collateral and to provide adequate protection.

6.      The Debtor operates a restaurant.  The Debtor has been in the restaurant business for several years.

7.      The Debtor's pre-bankruptcy assets and the Debtor's cash collateral are subject to a disputed state tax lien in favor of the Minnesota Department of Revenue ("MNDOR").  MNDOR is the only creditor with an interest in cash collateral.  Numerous levies by the MNDOR have caused the Debtor to file this chapter 11 case.

8.      The Debtor's verified Rule 4001-2 Statement is attached to this Motion and marked as **Exhibit A.**  The Statement includes a 30-day cash flow projection of the debtor's business operations; a six-month cash flow projection of the debtor's business operations; a Balance Sheet; and a Profit and Loss Statement.  The Debtor's essential expenses in the month of March, 2019 will include payroll and related tax payments, rent, insurance, sales taxes, food purchases, utilities, equipment, credit card payments and supplies.

9.      Cause exists to hear this matter on an expedited basis.  The Debtor will suffer

–2–

irreversible and irreparable harm if it is not able to use cash collateral.  The expenditures the Debtor proposes to make between the preliminary hearing on the Debtor's Motion and the Final Hearing are described in detail on the attached verified Rule 4001-2 Statement.  If the Debtor is unable to pay these expenses, it will not be able to conduct its business.  The Debtor's cash collateral since the filing date will stay the same and not decrease demonstrating further adequate protection.

10.    Pursuant to applicable rules, the Debtor reserves the right to call Kunrath Lam, the CEO of the Debtor in support of this Motion.

11.    On an interim basis and pending the final hearing on the Debtor's Motion, the Debtor proposes to grant a replacement lien to the MNDOR.

12.    By making this Motion, the Debtor is not seeking to cross collateralize any pre-petition debt with post-petition collateral.  The Debtor is not admitting the validity, perfection or amount of any pre-petition secured claim or waiving any right with respect thereto.  The relief sought does not grant a lien on the Debtor's avoidance claims or bankruptcy causes of action as enumerated under the Bankruptcy Code.  This Motion does not propose to secure pre-petition debt with post-petition loans or otherwise attempt to roll a pre-petition obligation into a post-petition obligation.  This Motion does not deal with or carve out fees of any professionals.  This Motion does not propose to prime any debt of the Debtor nor does this Motion provide automatic summary relief from the automatic stay to any creditor.  The Debtor is simply proposing to use cash collateral to pay essential operating expenses and grant a replacement lien in the Debtor's assets to the MNDOR, which replacement lien would have the same priority, dignity and effect as the pre-petition lien held by said creditor, all pending the final hearing on the Debtor's Motion.

**WHEREFORE**, the Debtor, through its undersigned attorneys, respectfully moves the Court for an Order granting the Debtor's Motion for expedited relief and granting the Debtor's Motion authorizing it to use cash collateral and authorizing the Debtor to grant a replacement lien to the Minnesota Department of Revenue, which replacement lien will have the same priority, dignity and effect as the pre-petition liens held by said creditor, and for such other and further relief as the Court may deem just and equitable.

Date: March 8, 2019.

**STEVEN B. NOSEK, P.A.**
/e/ Steven B. Nosek
Steven B. Nosek, #79960
Yvonne R. Doose, #397066
2855 Anthony Lane South, Suite 201
St. Anthony, MN 55418
(612) 335-9171
snosek@noseklawfirm.com
ydoose@noseklawfirm.com
**ATTORNEYS FOR DEBTOR**

VERIFICATION

I, Kunrath Lam, CEO of the Debtor named in the foregoing pleading, declare under penalty of perjury that the foregoing pleading is true and correct according to the best of my knowledge, information and belief.

Dated: _3-8_, 2019.

Kunrath Lam, CEO

## EXHIBIT A
### RULE 4001-2 STATEMENT

The Debtor filed a partial set of schedules and asks the Court to take judicial notice thereof.

Attached to this Statement as **Exhibit 1** is a six-month cash flow projection of the Debtor's business operations.  Attached as **Exhibit 2** is a 30-day cash flow projection and budget.  Attached as **Exhibit 3** is a Balance Sheet.  Attached as **Exhibit 4** is a Profit & Loss Statement.

The Budget attached represents the critical expenditures required to be made by the Debtor to remain operational.

The undersigned verifies under penalty of perjury that the information contained in this pleading is true and correct according to the best of his knowledge, information, and belief.

Dated:  March 8, 2019.

Kunrath Lam, CEO

**SIX MONTH CASH FLOW PROJECTION**

**BV RESTAURANT, INC. DBA CHENG HENG RESTAURANT**

**EXHIBIT 1**

| INCOME | Apr-19 | May-19 | Jun-19 | Jul-19 | Aug-19 | Sep-19 | Oct-19 | TOTAL |
|---|---|---|---|---|---|---|---|---|
| Total Revenue: | $ 71,948.00 | $ 74,623.00 | $ 83,374.00 | $ 77,402.00 | $ 76,079.00 | $ 71,378.00 | $ 62,070.00 | $   516,874.00 |

| EXPENSES | Apr-19 | May-19 | Jun-19 | Jul-19 | Aug-19 | Sep-19 | Oct-19 | TOTAL |
|---|---|---|---|---|---|---|---|---|
| Payroll | $ 8,600.00 | $ 8,600.00 | $ 8,600.00 | $ 8,600.00 | $ 8,600.00 | $ 8,600.00 | $ 8,600.00 | $ 60,200.00 |
| Rent | $ 5,000.00 | $ 5,000.00 | $ 5,000.00 | $ 5,000.00 | $ 5,000.00 | $ 5,000.00 | $ 5,000.00 | $ 35,000.00 |
| Food Purchases | $ 21,583.00 | $ 23,879.00 | $ 25,012.00 | $ 23,994.00 | $ 22,823.00 | $ 22,127.00 | $ 18,621.00 | $ 158,039.00 |
| Utilities | $ 4,000.00 | $ 4,000.00 | $ 4,000.00 | $ 4,000.00 | $ 4,000.00 | $ 4,000.00 | $ 4,000.00 | $ 28,000.00 |
| Insurance | $ 1,496.00 | $ 1,496.00 | $ 1,496.00 | $ 1,496.00 | $ 1,496.00 | $ 1,496.00 | $ 1,496.00 | $ 10,472.00 |
| Equipment | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 3,500.00 |
| Security System | $ 35.00 | $ 35.00 | $ 35.00 | $ 35.00 | $ 35.00 | $ 35.00 | $ 35.00 | $ 245.00 |
| Supplies | $ 2,000.00 | $ 2,000.00 | $ 2,000.00 | $ 2,000.00 | $ 2,000.00 | $ 2,000.00 | $ 2,000.00 | $ 14,000.00 |
| Miscellaneous | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 7,000.00 |
| Credit Card/Service Charge | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 10,500.00 |
| Total Expenses: | $ 45,714.00 | $ 48,010.00 | $ 49,143.00 | $ 48,125.00 | $ 46,954.00 | $ 46,954.00 | $ 42,752.00 | $ 326,956.00 |

| Total Income Less Expenses: | $ 26,234.00 | $ 26,613.00 | $ 34,231.00 | $ 29,277.00 | $ 29,125.00 | $ 24,424.00 | $ 19,318.00 | $   189,918.00 |

## 30- DAY CASH FLOW PROJECTION AND BUDGET
## BV RESTAURANT, INC. DBA CHENG HENG RESTAURANT

**EXHIBIT 2**

| INCOME | | Mar-19 |
|---|---|---|
| Total Revenue | $ | 71,329.00 |

| EXPENSES | | Mar-19 |
|---|---|---|
| Payroll | $ | 8,600.00 |
| Rent | $ | 5,000.00 |
| Food Purchases | $ | 21,399.00 |
| Utilities | $ | 4,000.00 |
| Insurance | $ | 1,496.00 |
| Equipment | $ | 500.00 |
| Security System | $ | 35.00 |
| Supplies | $ | 2,000.00 |
| Miscellaneous | $ | 1,000.00 |
| Credit Card/Service Charge | $ | 1,500.00 |
| **Total Expenses**: | **$** | **45,530.00** |

| Total Income Less Expenses: | $ | 25,799.00 |
|---|---|---|

### CHENG HENG RESTAURANT/BV RESTAURANT INC
### Assets, Liabilities, & Equity - Income Tax Basis
#### As of December 31, 2018

|  | Dec 31, 18 |
|---|---|
| **ASSETS** | |
| **Current Assets** | |
| **Checking/Savings** | |
| SPIRE FED C UNION 0634 CURRENT | -148,058.87 |
| **Total Checking/Savings** | -148,058.87 |
| **Other Current Assets** | |
| Inventory | 9,600.00 |
| **Total Other Current Assets** | 9,600.00 |
| **Total Current Assets** | -138,458.87 |
| **Fixed Assets** | |
| Accumulated Depreciation | -111,055.00 |
| Equipments | 20,662.69 |
| Furniture and Equipment | 95,144.21 |
| **Total Fixed Assets** | 4,751.90 |
| **Other Assets** | |
| Accumulated Amortization | -42,102.00 |
| Deposit - Rent | 6,400.00 |
| Goodwill | 70,169.69 |
| Security Deposits Asset | 10,000.00 |
| **Total Other Assets** | 44,467.69 |
| **TOTAL ASSETS** | **-89,239.28** |
| **LIABILITIES & EQUITY** | |
| **Liabilities** | |
| **Current Liabilities** | |
| **Other Current Liabilities** | |
| Payroll Liabilities | -10,574.02 |
| Sales Tax Payable | 6,558.83 |
| Taxes Payables - MN | -3,544.56 |
| **Total Other Current Liabilities** | -7,559.75 |
| **Total Current Liabilities** | -7,559.75 |
| **Long Term Liabilities** | |
| Loan From Shareholder | -111,075.00 |
| **Total Long Term Liabilities** | -111,075.00 |
| **Total Liabilities** | -118,634.75 |
| **Equity** | |
| Common Stock | 10,000.00 |
| Retained Earnings | 212,350.86 |
| Shareholder Withdraw | -270,589.68 |
| Net Income | 77,634.29 |
| **Total Equity** | 29,395.47 |
| **TOTAL LIABILITIES & EQUITY** | **-89,239.28** |

**Draft - For Management Use Only**

EXHIBIT 4

## CHENG HENG RESTAURANT/BV RESTAURANT INC
## Revenues & Expenses - Income Tax Basis
### January through December 2018

| | Jan - Dec 18 | % of Income |
|---|---|---|
| **Ordinary Income/Expense** | | |
| **Income** | | |
| Sales | 861,937.09 | 100.0% |
| **Total Income** | 861,937.09 | 100.0% |
| **Cost of Goods Sold** | | |
| Purchases | 372,275.52 | 43.2% |
| **Total COGS** | 372,275.52 | 43.2% |
| **Gross Profit** | 489,661.57 | 56.8% |
| **Expense** | | |
| Amortization Expenses | 4,678.00 | 0.5% |
| Automobile Expense | 1,740.00 | 0.2% |
| Bank Service Charges | 561.00 | 0.1% |
| Clearning | 400.00 | 0.0% |
| Computer and Internet Expenses | 444.76 | 0.1% |
| Credit Card Service Charge | 19,548.82 | 2.3% |
| Depreciation Expense | 7,463.00 | 0.9% |
| Garbage & Pest Control | 4,238.78 | 0.5% |
| Insurance Expense | 28,349.65 | 3.3% |
| Payroll Expenses | 188,877.16 | 21.9% |
| Payroll Tax Fed | 18,634.56 | 2.2% |
| Payroll Tax MN | 162.00 | 0.0% |
| Postage | 3,437.50 | 0.4% |
| Professional Fees | 14,193.50 | 1.6% |
| Rent Expense | 59,590.00 | 6.9% |
| Repairs and Maintenance | 382.00 | 0.0% |
| Security System | 581.48 | 0.1% |
| Supply | 8,645.03 | 1.0% |
| Taxes | 3,307.50 | 0.4% |
| Telephone Expense | 2,965.17 | 0.3% |
| Utilities | 43,827.37 | 5.1% |
| **Total Expense** | 412,027.28 | 47.8% |
| **Net Ordinary Income** | 77,634.29 | 9.0% |
| **Net Income** | **77,634.29** | **9.0%** |

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

BV Restaurant, Inc.                                          BKY No.:  19-30675
DBA Cheng Heng Restaurant,
                              Debtor.                         Chapter 11

_____

### Memorandum of Law
_____

BV Restaurant, Inc. DBA Cheng Heng Restaurant ("Debtor") submits this Memorandum

of Law in support of its Motion for an Order Authorizing Use of Cash Collateral ("Motion").

## I.  STATEMENT OF FACTS

The Debtor relies on the verified statement of facts and Local Rule 4001-2 statement

contained in the Motion and incorporates the same herewith.

## II.  STATEMENT OF LAW AND DISCUSSION

Section 363(c)(2) of the Bankruptcy Code provides that a debtor in possession may use

cash collateral only with the secured creditor's consent or if the court, after notice and a hearing,

so orders.  Section 363(e) of the Bankruptcy Code provides that the court must provide the

secured creditor with adequate protection of its interest upon request of the creditor.  The Eighth

Circuit Court of Appeals has discussed the issue of adequate protection in the following terms:

> In any given case, the bankruptcy court must necessarily (1) establish the value of the
> secured creditor's interest, (2) identify the risks to the secured creditor's value resulting
> from the debtor's request for use of cash collateral, and (3) determine whether the debtor's
> adequate protection proposal protects values as nearly as possible against risks to that
> value consistent with the concept of indubitable equivalence.

*In re Martin*, 761 F.2d 472, 476-77 (8th Cir. 1985).

Based on the facts alleged in the Motion, the Secured Creditor's interest in the collateral

are adequately protected by the Debtor's offer.  The Debtor has estimated the liquidation value of

1

its assets.  The Debtor's cash collateral since the filing date will stay the same and not decrease

demonstrating further adequate protection.

Usually, in a Chapter 11, the risk to a secured creditor's interests in cash collateral is that

the Debtor will use all of the collateral and not generate sufficient post-petition collateral to

replace the used collateral.  That is not a concern here, as the collateral will not decrease during

the pendency of this case.

The Debtor has set forth how the value of its assets will remain the same and not decrease

between the Filing Date and the dates through which the Debtor seeks use of cash collateral.  The

Debtor has further set forth its necessary budget.  Pursuant to the Debtor's budget, the collateral

position of the Secured Creditor does not adversely change in a material way during the period of

the proposed use of cash collateral.

The Debtor's offer to the Secured Creditor as adequate protection of its interest is the

Offer of Adequate Protection described in the Motion.  Based on the facts and circumstances of

this case the Offer of Adequate Protection adequately protects the Secured Creditor from any

risks to its collateral from the Debtor's use of same.

The Court should grant the motion of the Debtor authorizing the use of cash collateral.

The Debtor has immediate need to use cash collateral in which the Secured Creditor has an

interest.  The Debtor's use of cash collateral during the pendency of this case poses a nominal

risk to the interest of the Secured Creditor. The Secured Creditor will be adequately protected by

the granting of a post-petition lien with the same status, dignity and priority as existed in the cash

collateral prior to the filing of the Debtor's petition, by the carrying of insurance for the full

replacement value of the collateral, by continuing to operate and to generate replacement

collateral and by any other form of protection contained in the offer of adequate protection described in the Motion.

The Debtor requests an order authorizing use of cash collateral so that the Debtor may meet the ordinary expenses of operating the Debtor's business in accordance with the budget and cash flow projections attached to the Debtor's Declaration.

## III.  CONCLUSION

For the foregoing reasons, the Court should approve the Debtor's the use of cash collateral on an interim and final basis as provided in the Motion.

**STEVEN B. NOSEK, P.A.**

Dated:  March 8, 2019.

By: /e/ Steven B. Nosek
   Steven B. Nosek (79960)
   Yvonne R. Doose (397066)
   2855 Anthony Lane South, Suite 201
   Minneapolis, MN 55418
   Telephone:  612-335-9171
   Fax:  612-789-2109
   snosek@noseklawfirm.com
   ydoose@noseklawfirm.com
   **ATTORNEYS FOR DEBTOR**

3

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In Re:                                                          **BKY No.: 19-30675**
                                                                **Chapter 11 Case**

**BV Restaurant, Inc.**
**DBA Cheng Heng Restaurant,**
**Debtor.**

---

### CERTIFICATE OF SERVICE

---

I hereby certify that on March 8, 2019, I caused a copy of **Notice of Expedited Hearing and Motion For Approval to Use Cash Collateral and for Adequate Protection; Verification; Exhibit; Memorandum of Law; and Proposed Order** to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

US Trustee: ustpregion12.mn.ecf@usdoj.gov, ecfbkup@comcast.net

I further certify that I caused a copy of the **Notice of Expedited Hearing and Motion for Approval to Use Cash Collateral and for Adequate Protection; Verification; Exhibit; Memorandum of Law; and Proposed Order** to be faxed and/or emailed to the following:

| | | |
|---|---|---|
| BV Restaurant, Inc.<br>Attn:  Kunrath Lam<br>448 University Avenue<br>St. Paul MN 55103<br>klamfamily@aol.com | Internal Revenue Service<br>Centralized Insolvency Office<br>PO Box 7346<br>Philadelphia PA 19101-7346<br>**Fax:  1-855-235-6787** | MN Dept of Revenue<br>551 Bankruptcy Sections<br>PO Box 64447<br>St. Paul MN 55164<br>Mdor.bkysec@state.mn.us |
| IRS District Director<br>Room 320 Stop 5700<br>30 7th Street E #1222<br>St. Paul MN 55101<br>**No Fax or Email** | American Fish & Seafood Inc<br>5501 Opportunity Court<br>Minnetonka MN 55343<br>**Fax:  952-935-7861** | Anderson Produce<br>2296 Terminal Road<br>Roseville MN 55113<br>**Fax:  651-636-7621** |
| ComCast<br>9602 S 300 West, Suite B<br>Sandy UT 84070<br>**No Fax or Email** | Guardian Pest Solutions<br>3131 Halvor Ln<br>Superior WI 54880<br>**Fax: 1-218-722-2286** | Lincoln Trading Intl LLC<br>727 Vandalia St<br>Saint Paul MN 55114<br>**Fax:  651-255-3039** |
| Republic Services<br>4325 E 66th St<br>Inver Grove Heights MN 55075<br>**No Fax or Email** | St. Paul Regional Water Svc<br>1900 Rice Street<br>Saint Paul MN 55113-6810<br>**Waterinquiries@stpaul.gov** | Sysco Asian Foods<br>1300 L'Orien St<br>Saint Paul MN 55117<br>**Fax:  651-489-5089** |

| | | |
|---|---|---|
| XCel Energy<br>PO Box 9477<br>Minneapolis MN 55484-9477<br>**Fax:  1-800-311-0050** | Wendy S. Tien<br>Assistant Attorney General<br>Office of the MN Attorney General<br>Suite 900<br>445 Minnesota Street<br>St. Paul MN 55101-2127<br>**Wendy.tien@ag.state.mn.us** | |

Dated this 8th day of March, 2019.          **STEVEN B. NOSEK, P.A.**
                                             /e/ Steven B. Nosek
                                             Steven B. Nosek, #79960
                                             Yvonne R. Doose, #0397066
                                             2855 Anthony Lane South, Suite 201
                                             St. Anthony, MN 55418
                                             (612) 335-9171
                                             snosek@noseklawfirm.com
                                             ydoose@noseklawfirm.com
                                             ATTORNEYS FOR DEBTOR

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In Re:                                                    BKY No.:  19-30675
                                                               Chapter 11 Case

**BV Restaurant, Inc.**
**DBA Cheng Heng Restaurant,**
                    **Debtor.**

---

## INTERIM ORDER

---

The Motion of BV Restaurant, Inc. DBA Cheng Heng Restaurant ("Debtor") for an Order granting interim use of cash collateral and to grant adequate protection hearing came on for expedited hearing before the undersigned on the 12th day of March, 2019.  Appearances were noted.

### IT IS HEREBY ORDERED:

1.     The Debtor's Motion for expedited hearing is granted.

2.     The Debtor is authorized to use cash collateral as described in Exhibit 2 to the Debtor's Rule 4001-2 Statement on an interim basis; and

3.     The Debtor is authorized to grant a replacement lien to the Minnesota Department of Revenue on all assets of the Debtor-In-Possession to the extent of use of cash collateral, which replacement lien shall have the same priority, dignity and effect as the pre-petition lien held by said creditor.  Assets excluded from the replacement lien are the Debtor's bankruptcy causes of action; and

4.     No additional steps need to be taken to perfect the replacement lien authorized herein; and

6.     A final hearing on the motion for an order authorizing the use of cash collateral shall be held on Wednesday, April 10, 2019 at 10:00 a.m., before the Honorable Kathleen H. Sanberg, in Courtroom 8 West.

Dated:                                          _____
                                                **Kathleen H. Sanberg**
                                                **United States Bankruptcy Judge**

–1–