**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In Re: | BKY No.: 19-30675 |
| | **Chapter 11 Case** |
| **BV Restaurant, Inc.** | |
| **DBA Cheng Heng Restaurant,** | |
| **Debtor.** | |

**NOTICE OF EXPEDITED HEARING AND MOTION FOR**
**APPROVAL TO PAY PRE-PETITION WAGES**

**TO: THE UNITED STATES TRUSTEE, AND OTHER PARTIES IN INTEREST AS SPECIFIED IN LOCAL RULE 9013.3.**

1.  BV Restaurant, Inc. DBA Cheng Heng Restaurant (hereinafter "Debtor"), the Debtor-In-Possession in the above-referenced proceeding, moves the Court for expedited relief and gives notice of hearing.

2.  The Court will hold an expedited hearing on the Debtor's motion at 1:00 p.m. on Wednesday, March 20, 2019, before the Honorable Kathleen H. Sanberg, in Courtroom No. 8 West, United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, or as soon thereafter as counsel can be heard.

3.  Any response or objection to the expedited Motion shall be filed no later than 2 hours prior to 1:00 p.m. on March 20, 2019, which is the expedited hearing date and time. **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4.  This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1. This is a core proceeding. The case is now pending in this Court, having been filed on March 8, 2019.

–1–

5. The Debtor seeks an expedited hearing on its Motion to pay pre-petition wages of the Debtor. It is necessary to have this matter heard on an expedited basis as it the Debtor need to obtain court approval prior to its next pay date of March 31, 2019 and the Court is not available to have this matter heard the last week in March.

6. The Debtor's pre-bankruptcy assets, including cash collateral, are subject to a security interest and lien in favor of the Minnesota Department of Revenue.

7. The Debtor employs approximately 7 employees. All of Debtor's employees are owed pre-bankruptcy wages from March 1, 2019 to March 8, 2019. A list of employees and the amounts owed is attached to this Motion and marked as **Exhibit 1. Exhibit 1** is the consists of the Debtor's last payroll paid by the Debtor on February 28, 2019 and the Debtor's next payroll which will be on March 31, 2019. The Debtor's next payroll will be substantially the same as **Exhibit 1**. **Exhibit** 1 represents pre-bankruptcy wages owed to the employees. A review of the attached Exhibit reflects that no employee whom the Debtor is seeking to pay will be paid an amount which would exceed the priority amount as allowed in 11 U.S.C. §507(a)(4).

8. The Debtor's payroll is paid monthly. The Debtor's next payroll is Sunday, March 31, 2019. The March 31, 2019 payroll covers wages from March 1, 2019 through March 31, 2019. The first 8 days of this payroll consist of pre-petition wages. The balance of the payroll is not pre-petition wages. Cause exists to allow the Debtor to pay the March 31, 2019 payroll. The Debtor will suffer irreversible and irreparable harm if it is not authorized to pay pre-petition wages. If the wages are not paid, the Debtor's employees will leave and the Debtor will not be able to continue to operate its business. It will be a

hardship on the employees if they do not receive their paychecks.

    9.    Pursuant to applicable rules, the Debtor reserves the right to call Kunrath Lam Chief Executive Officer of the Debtor in support of this motion.

**WHEREFORE**, the Debtor, through its undersigned attorney, respectfully moves the Court for an Order granting the Debtor's Motion for relief and granting the Debtor's Motion authorizing it to pay pre-petition wages to the employees and for such other and further relief as the Court may deem just and equitable.

Date: March 11, 2019.                                    **STEVEN B. NOSEK, P.A.**

                                                                /e/    Steven    B.    Nosek
Steven B. Nosek, #79960
Yvonne R. Doose, #0397066
2855 Anthony Lane South, Suite 201
St. Anthony, MN 55418
(612) 335-9171
snosek@noseklawfirm.com
ydoose@noseklawfirm.com
**ATTORNEYS FOR DEBTOR**

## VERIFICATION

I, Kunrath Lam, CEO of the Debtor named in the foregoing pleading, declare under penalty of perjury that the foregoing pleading is true and correct according to the best of my knowledge, information and belief.

Dated: __3-11__, 2019.

_____
Kunrath Lam, CEO

## PAYROLL REPORT FOR FEBRUARY 2019
## BV RESTAURANT, INC. DBA CHENG HENG RESTAURANT

| February 2019 Payroll | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Employee Name** | **Gross Pay** | **Rate/Hrs.** | **SSI** | **State Tax** | **Fed Tax** | **Net Pay** | |
| Lam, Vanheng | $ 1,000.00 | 100/10.00 | $ 76.50 | $ - | $ - | $ 923.50 | |
| Keo, Sokunthea | $ 1,000.00 | 100/10.00 | $ 76.50 | $ - | $ - | $ 923.50 | |
| Un, Sonitha | $ 540.00 | 60/9.00 | $ 41.31 | $ - | $ - | $ 498.69 | |
| Duy, Dany | $ 660.00 | 80/8.25 | $ 50.49 | $ - | $ - | $ 609.51 | |
| Nuon, Khean | $ 900.00 | 120/7.50 | $ 68.85 | $ - | $ - | $ 831.15 | |
| Lam, Kevin | $ 2,000.00 | | $ 153.00 | $ - | $ - | $ 1,847.00 | |
| Lam, Kunrath | $ 2,500.00 | | $ 191.25 | $ - | $ - | $ 2,308.75 | |
| **Total:** | **$ 8,600.00** | | **$ 657.90** | **$ -** | **$ -** | **$ 7,942.10** | |

Check Date: 2/28/19   EXHIBIT 1
Period Start: 2/1/2019
Period End: 2/28/19

## PAYROLL REPORT FOR MARCH 2019
## BV RESTAURANT, INC. DBA CHENG HENG RESTAURANT

| March 2019 Payroll | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Employee Name** | **Gross Pay** | **Rate/Hrs.** | **SSI** | **State Tax** | **Fed Tax** | **Net Pay** | |
| Lam, Vanheng | $ 1,000.00 | 100/10.00 | $ 76.50 | $ - | $ - | $ 923.50 | |
| Keo, Sokunthea | $ 1,000.00 | 100/10.00 | $ 76.50 | $ - | $ - | $ 923.50 | |
| Un, Sonitha | $ 540.00 | 60/9.00 | $ 41.31 | $ - | $ - | $ 498.69 | |
| Duy, Dany | $ 660.00 | 80/8.25 | $ 50.49 | $ - | $ - | $ 609.51 | |
| Nuon, Khean | $ 900.00 | 120/7.50 | $ 68.85 | $ - | $ - | $ 831.15 | |
| Lam, Kevin | $ 2,000.00 | | $ 153.00 | $ - | $ - | $ 1,847.00 | |
| Lam, Kunrath | $ 2,500.00 | | $ 191.25 | $ - | $ - | $ 2,308.75 | |
| **Total:** | **$ 8,600.00** | | **$ 657.90** | **$ -** | **$ -** | **$ 7,942.10** | |

Check Date: 3/31/19
Period Start: 3/1/2019
Period End: 3/31/19

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: | BKY No.: 19-30675 |
| | **Chapter 11 Case** |
| **BV Restaurant, Inc.** | |
| **DBA Cheng Heng Restaurant,** | |
| **Debtor.** | |

## MEMORANDUM OF LAW

BV Restaurant, Inc. DBA Cheng Heng Restaurant (the "Debtor") submits this Memorandum of Law in support of its Motion for: (1) Expedited Hearing; and (2) an Order Authorizing Payment of Pre-Petition Wages (the "Motion").

### I. Statement of Facts

The Debtor relies on the facts set forth in the Motion and incorporates the same herein by this reference.

### II. Statement of Law and Argument

#### A. Expedited Hearing

Bankruptcy Rule 9006(d) provides that a written motion and notice of any hearing is to be served not later than five days before the time specified for such hearing. Local Rule 9006-1(a) directs that moving papers be delivered not later than seven days, including weekends and legal holidays, or mailed not later than ten days, before the hearing date.

Bankruptcy Rule 9006(c) provides that the Court, for cause shown, may order a notice period reduced. Local Rule 9006-1(d) provides that if expedited relief is necessary, the party requesting expedited hearing and shall take all reasonable steps to provide all parties with the most expeditious service and notice possible and shall file an affidavit specifying the efforts made.

Cause exists to grant the Debtor an expedited hearing on the Motion. As indicated in the Motion, the Debtor's bankruptcy estate would suffer immediate and irreparable harm as a result of the loss of an effective staff. As a delay in the payment of wage and benefit claims would result in increased risk of damage to employee relations, expedited relief is warranted.

### B. Payment of Pre-Petition Wages and Benefits

Generally speaking, pre-petition claims against a Chapter 11 debtor may not be paid except under a confirmed plan of reorganization. Although exceptions to this rule are few, in the case of employee claims that are otherwise subject to priority treatment courts have recognized the need for permitting the continuation of ordinary course payments without regard to the bankruptcy filing to the extent necessary in maintaining an effective work force.

"The need to pay wages in an ordinary course time frame is simple common sense. Employees are more likely to stay in place and to refrain from actions which could be detrimental to the case and/or the estate if their pay and benefits remain intact and uninterrupted." *In re Equalnet Communications Corp.*, 258 B.R. 368, 370 (Bankr. S.D. Tex. 2000).

Whether one looks to the general equitable powers of the Court as set forth in Section 105(a), to the Bankruptcy Code provisions related to the use of property of the estate as set forth in Section 363, or some intersection of the two, there is ample authority to support the payment of pre-petition wage and benefit claims on the terms set forth in the Motion.

### III. Conclusion

For the reasons set forth in the Motion and in this Memorandum, the Debtor respectfully requests that the Court enter an order: (1) authorizing the payment of wages; and (2) granting such further and additional relief as may be just and equitable.

**STEVEN B. NOSEK, P.A.**

Dated: March 11, 2019.
/e/ Steven B. Nosek
Steven B. Nosek, (#79960)
Yvonne R. Doose, (#397066)
2855 Anthony Lane South, Suite 201
St. Anthony, MN 55418
Phone: (612) 335-9171
Fax: (612) 789-2109
snosek@noseklawfirm.com
ydoose@noseklawfirm.com
***Attorneys for Debtor***

3

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In Re:                                                                                 BKY No.: 19-30675
                                                                                                  Chapter 11 Case

**BV Restaurant, Inc.**
**DBA Cheng Heng Restaurant,**
**Debtor.**

___

**CERTIFICATE OF SERVICE**
___

I hereby certify that on March 11, 2019, I caused a copy of **Notice of Expedited Hearing and Motion For Approval to Pay Pre-Petition Wages; Verification; Exhibit; Memorandum of Law; and Proposed Order** to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

    US Trustee: ustpregion12.mn.ecf@usdoj.gov, ecfbkup@comcast.net
    Michael R. Fadlovich:  Michael.fadlovich@usdoj.gov

I further certify that I caused a copy of the **Notice of Expedited Hearing and Motion for Approval to Pay Pre-Petition Wages; Verification; Exhibit; Memorandum of Law; and Proposed Order** to be faxed and/or emailed to the following:

| | | |
|---|---|---|
| BV Restaurant, Inc.<br>Attn:  Kunrath Lam<br>448 University Avenue<br>St. Paul MN 55103<br>klamfamily@aol.com | Internal Revenue Service<br>Centralized Insolvency Office<br>PO Box 7346<br>Philadelphia PA 19101-7346<br>**Fax:  1-855-235-6787** | MN Dept of Revenue<br>551 Bankruptcy Sections<br>PO Box 64447<br>St. Paul MN 55164<br>Mdor.bkysec@state.mn.us |
| IRS District Director<br>Room 320 Stop 5700<br>30 7th Street E #1222<br>St. Paul MN 55101<br>**No Fax or Email** | American Fish & Seafood Inc<br>5501 Opportunity Court<br>Minnetonka MN 55343<br>**Fax:  952-935-7861** | Anderson Produce<br>2296 Terminal Road<br>Roseville MN 55113<br>**Fax:  651-636-7621** |
| ComCast<br>9602 S 300 West, Suite B<br>Sandy UT 84070<br>**No Fax or Email** | Guardian Pest Solutions<br>3131 Halvor Ln<br>Superior WI 54880<br>**Fax:  1-218-722-2286** | Lincoln Trading Intl LLC<br>727 Vandalia St<br>Saint Paul MN 55114<br>**Fax:  651-255-3039** |
| Republic Services<br>4325 E 66th St<br>Inver Grove Heights MN 55075<br>**No Fax or Email** | St. Paul Regional Water Svc<br>1900 Rice Street<br>Saint Paul MN 55113-6810<br>**Waterinquiries@stpaul.gov** | Sysco Asian Foods<br>1300 L'Orien St<br>Saint Paul MN 55117<br>**Fax:  651-489-5089** |

| | | |
|---|---|---|
| XCel Energy<br>PO Box 9477<br>Minneapolis MN 55484-9477<br>**Fax: 1-800-311-0050** | Mawerdi Hamid<br>Assistant Attorney General<br>Office of the MN Attorney General<br>Suite 900<br>445 Minnesota Street<br>St. Paul MN 55101-2127<br>**M**awerdi.hamid**@ag.state.mn.us** | |

Dated this 11th day of March, 2019.

**STEVEN B. NOSEK, P.A.**
/e/ Steven B. Nosek
Steven B. Nosek, #79960
Yvonne R. Doose, #0397066
2855 Anthony Lane South, Suite 201
St. Anthony, MN 55418
(612) 335-9171
snosek@noseklawfirm.com
ydoose@noseklawfirm.com
**ATTORNEYS FOR DEBTOR**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In Re: | BKY No.: 19-30675 |
| | Chapter 11 Case |
| **BV Restaurant, Inc.** | |
| **DBA Cheng Heng Restaurant,** | |
| **Debtor.** | |

**ORDER**

The Motion of BV Restaurant, Inc. DBA Cheng Heng Restaurant ("Debtor") for an expedited hearing and for an Order granting approval to pay pre-petition wages came on for hearing before the undersigned on the 20th day of March, 2019. Steven B. Nosek appeared on behalf of the Debtor and all other appearances were noted.

The Debtor is seeking an expedited hearing and is seeking an order for approval to pay pre-petition wages.

**IT IS HEREBY ORDERED:**

1. The Debtor's Motion for expedited relief is GRANTED;

2. The Debtor's Motion to pay pre-petition wages is GRANTED; and

3. The Debtor will not pay any employee pre-petition wages or benefits greater than those amounts set forth in 11 U.S.C. §507(a)(4) and (5).

**Dated:** _____

**Kathleen H. Sanberg**
**United States Bankruptcy Judge**